# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH HOSKINS, | CASE NO. 1:10-cv-00422 GSA PC |
|     Plaintiff, | ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |
|   v. | |
| CDCR, et al., | (ECF No. 1) |
|     Defendants. | |

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, as well as the Freedom of Information Act and the Privacy Act. Plaintiff names as defendants sixteen individuals employed by the CDCR at Kern Valley State Prison and Salinas Valley State Prison.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Though unclear from the complaint, Plaintiff appears to be challenging a decision to not remove certain information from his central file that affects his parole eligibility date. Although

1  Plaintiff's complaint is long - 12 pages of allegations, followed by approximately 200 pages of
2  exhibits, followed by 13 pages of allegations - his central allegation appears to be that because of
3  false information in his central file, his consideration for parole was extended to 2016 from 2013.
4  Plaintiff first entered CDCR custody in 1963, and has amassed a large central file. Plaintiff contends
5  that some of the disciplinary convictions in his file are incorrect, and should reflect findings of not
6  guilty.

7  When a prisoner challenges the legality or duration of his custody, or raises a constitutional
8  challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas
9  corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990),
10 cert. denied 11 S.Ct. 1090 (1991).

11 Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss
12 the claim without prejudice for failure to exhaust, rather than converting it to a habeas and
13 addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v.
14 City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

15 **III.    Conclusion and Order**

16 The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
17 which relief may be granted under section 1983. Specifically, Plaintiff's claim affects the length of
18 his sentence. Plaintiff alleges that the information in his central file is incorrect, and should therefore
19 entitle him to an earlier parole eligibility date. Plaintiff's allegations, if true, could entitle him to
20 an earlier release. Plaintiff's sole federal remedy is therefore a writ of habeas corpus. This action
21 should therefore be dismissed.

22 Leave to amend should be granted even if no request to amend was made unless the court
23 determines that the pleading could not possibly be cured by the allegation of other facts); Noll v.
24 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or
25 her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured
26 by amendment). Here, the Court finds that the deficiency can not be cured by amendment. Because
27 Plaintiff's central claim is that he is entitled to earlier parole consideration, this action should be
28 brought as a writ of habeas corpus.

1  Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice to
2  the filing of a petition for writ of habeas corpus.
3  IT IS SO ORDERED.
4  **Dated:   November 16, 2011**               **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE