# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH HOSKINS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CDCR, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:10-cv-00422-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 13.) |

**I.　BACKGROUND**

Rudolph Hoskins ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 10, 2010. (Doc. 1.) On March 25, 2010, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 4.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on November 16, 2011, dismissing this action for failure to state a claim under § 1983, without prejudice to filing a petition for writ of habeas corpus. (Doc. 10.) On February 3, 2012, Plaintiff filed a motion for reconsideration of the order dismissing this action. (Doc. 13.)

**II.　MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d

737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that this case should be reopened so he can amend the Complaint to remove his claim based on parole eligibility and add a claim challenging the classification hearing at which he was labeled an in-cell homosexual predator.

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  Plaintiff seeks to have this case reopened so he can amend the Complaint to completely change the nature of his allegations and claims.  To bring new claims before the Court at this stage of the proceedings, Plaintiff's remedy is to file a new case, not to reopen his prior case.  Therefore, Plaintiff's motion for reconsideration shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on February 3, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:   February 7, 2012**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE